IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DUANE WILLETT,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN TURLEY et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:10-CV-382 DB<br><br><br>District Judge Dee Benson |

Plaintiff, Duane Willett, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (2013). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id*. § 1915. Before the Court are Plaintiff's Motion to Reconsider (Doc. No. 53), Plaintiff's Petition for *In Rem* Action (Doc. No. 58), Plaintiff's Motion to Compel (Doc. No 81), and Defendants' Motion for Extension of Time to File Reply (Doc. No 86).

## ANALYSIS

### I. Plaintiff's Motion to Reconsider

On March 6, 2012, the Court granted Defendants' motion to dismiss all claims in Plaintiff's Amended Complaint except "Plaintiff's due process claim for denial of meaningful periodic reviews of his segregated confinement between April 2006 and April 2009." (Mem. Dec. Order, Doc. No. 50, at 20.) Plaintiff now moves for reconsideration of the dismissal of his Eighth Amendment claim, which asserted that he was subjected to cruel and unusual punishment while housed in segregated confinement.

A motion for reconsideration is not specifically provided for in the rules of civil

procedure, however, in the Tenth Circuit, such motions are treated as motions to amend or alter the judgment under Rules 59 or 60 of the Federal Rules of Civil Procedure, even if a judgment has yet to be entered.  *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *see also Klein-Becker USA, LLC v. All Web LLC*, No. 2:05CV518 TC, 2007 WL 2084337 (D. Utah July 17, 2007) (construing a motion for reconsideration of the denial of a summary judgment motion as a motion under Rule 59(e)).  Courts in general have recognized three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Ekotek Site PRP Comm. v. Self*, 932 F. Supp. 1319, 1322 (D. Utah 1996); *accord Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

"A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before."  *NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D. N.J. 1996).  "When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process, not on a motion for reargument under [Rule 59(e)]."  *Id.* (internal quotes omitted).  Thus, a motion to reconsider is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff has not presented any valid grounds for reconsideration.  Plaintiff does not assert that the Court misunderstood his allegations or failed to apply the correct legal standard.  Instead, Plaintiff merely reiterates his contention that the conditions he experienced in

segregated confinement amounted to cruel and unusual punishment under the Eighth Amendment.  Although Plaintiff also raises some additional allegations to bolster his claim, these new allegations do not alter the Court's conclusion that the conditions alleged by Plaintiff do not rise to the level of cruel and unusual punishment under existing law.   Thus, Plaintiff's arguments are best reserved for the normal appellate process and his motion for reconsideration is denied.

## II.  Plaintiff's Petition  for *In Rem* Action

Plaintiff has filed a document styled Petition for *In Rem* Action which consists of a single sentence asking the Court to "issue an order to place a lien upon Defendants' personal, tangible and real property with respect to the above captioned case and matter under FRCP C in accord with 28 U.S.C. § 1962."  (Doc. No. 58, at 1.)  Plaintiff's motion is entirely without merit because these provisions are not applicable to this case.  Thus, Plaintiff's motion is denied.

## III.  Plaintiff's Motion to Compel Discovery

In its previous Memorandum Decision and Order the Court instructed Defendants to file a *Martinez* Report and summary judgment motion on Plaintiff's remaining claim.  Plaintiff was further instructed that if he believed additional discovery was necessary for him to respond to Defendants' summary judgment motion he could file a discovery motion specifically identifying the information sought and clearly explaining how it is relevant to the issues at bar.  Defendants would then have ten days in which to object to any discovery request that was not specifically tailored to meet their summary judgment motion or otherwise failed to comply with the Federal Rules of Civil Procedure.  In response to Defendants' *Martinez* Report and summary judgment

motion Plaintiff filed timely requests for production of documents (Doc. No. 75) and requests for admissions (Doc. No. 76) to which Defendants have responded (Doc. No. 79).

Having reviewed Plaintiff's discovery requests, Defendants' response, and Plaintiff's reply, the Court is satisfied that the bulk of the additional discovery sought by Plaintiff is redundant, because the information has already been provided in the *Martinez* Report or is outside the scope of the remaining issues at bar.  However, the Court finds that Item C listed in Plaintiff's First Request for Production of Documents, which requests "[a] copy of all paperwork used to allegedly review the Executive Director Override placed on [] Plaintiff," is discoverable. Defendants' objection that this request "is overbroad in time [and] would divulge information that could compromise prison security" is not persuasive.  Even if none of the named Defendants were involved with Plaintiff's override prior to 2007, the full history of Plaintiff's override is relevant to Plaintiff's present claim because all of those documents were presumably available to, and relied upon by, officials at later stages in the review process.  Moreover, it is not apparent how these documents would present any greater security concerns than those already included in the *Martinez* Report.  Thus, within twenty-one days Defendants shall produce any additional documents they may have that are directly related to the implementation or review of Plaintiff's Executive Director Override, regardless of when they were created.  If Defendants have specific security concerns regarding any of these documents they may request leave to file them under seal and seek an appropriate protective order.[1]

---

[1] Alternatively, Defendants may submit the items for *in camera* review and identify any information that should be redacted for security reasons.

## IV.  Further Proceedings

Defendants have filed a motion seeking additional time to reply to Plaintiff's summary judgment opposition brief.  Defendants' motion states that on July 30, 2012, Defendants' counsel received from Plaintiff a document entitled "Plaintiff's Opposition Response to Defendant's Motion for Summary Judgment" (Opposition Response).  This document was included with Defendants' copies of Plaintiff's objections to the *Martinez* Report and discovery requests, which were dated July 13, 2012.  However, from the docket it does not appear that Plaintiff ever submitted a copy of his Opposition Response to the Court.[2]

Given the fact that Plaintiff's Opposition Response was timely prepared but was apparently misplaced, and in light of the additional discovery to be provided by Defendants, the Court will grant Plaintiff additional time to supplement and properly file his opposition memorandum.  Once Plaintiff's opposition memorandum is filed Defendants will have an additional fourteen days to file their reply brief.

---

[2]  Defendants have included a copy of this document with their motion for extension of time, however, because it is obsolete and is not an original it will not be filed.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Reconsider (Doc. No. 53) is **DENIED**;

(2) Plaintiff's Motion for *In Rem* Action (Doc. No. 58) is **DENIED**;

(3) Plaintiff's Motion to Compel Discovery (Doc. No. 81) is **GRANTED IN PART** with respect to Item C in his First Request for Production of Documents (Doc. No. 75) and is **DENIED** in all other respects; as explained herein Defendants shall comply with this request within twenty-one days of this Order;

(4) Plaintiff shall file his summary judgment opposition memorandum within twenty-eight days after the additional discovery is completed; and,

(5) Defendants' Motion for Extension (Doc. No. 86) is **GRANTED**, Defendants may file a reply brief within fourteen days after Plaintiff's opposition memorandum is filed.

Dated this 26th day of February, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge